FILED
11/10/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Cassandra Loveless
DV-15-2020-0001034-NE
Wilson, Dan
1.00

Alex K. Evans
Wayne E. Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop Ste 3
Kalispell, MT 59901
Telephone: (406) 552-4343
alex@glacierlawfirm.com
*Attorneys for Plaintiffs*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| TRACY SCHERPING, STEFANI HEAVILIN, DAVID SCHERPING, and SCHERPING ENTERPRISES INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEPOSITORS INSURANCE COMPANY, <br><br> Defendant. | Cause No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COME NOW,** Plaintiffs Tracy Scherping, Stefani Heavilin, David Scherping and Scherping Enterprises Inc., and hereby complain and allege as follows:

1. Jurisdiction for this cause lies in within the State of Montana, in that the collision and injuries that are the subject of this Complaint occurred within the State of Montana.

2. This cause arises from breach of contract for damages, arising from a bodily injury, which occurred on or about November 30, 2015.

3. Venue is proper in the above Court in that the collision out of which this claim arose occurred in or near Kalispell, in Flathead County, Montana.

4. At all material times herein, Defendant Depositors Insurance Company (hereinafter "Depositors") sold insurance policies and collected premiums for those policies doing business in the state of Montana and subject to the laws of Montana.

## COUNT I

## **BREACH OF CONTRACT**

5. Plaintiffs re-allege the allegations contained in paragraphs 1 through 4.

6. Defendant Depositors had a duty to make payments upon a reasonable investigation with all available information.

7. Defendant Depositors had a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

8. Defendant Depositors has been provided with the Montana Vehicle Crash Report.

9. Plaintiffs provided Defendant Depositors with medical records, medical bills, proof of lost wages, proof of loss profits and proof of loss of income as to the nature and severity of Plaintiffs' injuries.

10. Plaintiffs requested that Defendant Depositors make payment to Plaintiffs under their underinsured insurance coverage for damages that they sustained.

11. Plaintiffs provided proof to Defendant Depositors that the at-fault driver's liability limits were exceeded.

12. Defendant Depositors' UIM agreement provides that they will pay compensatory damages to its injured insureds.

13. Defendant Depositors failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

14. Defendant Depositors is aware that Plaintiffs' injuries and damages exceed the at fault's policy limits.

15. Defendant Depositors consented to Plaintiffs accepting the policy limits of another insurance carrier in this wreck.

16. Defendant Depositors failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

17. Defendant Depositors has refused to make payment of damages that the Plaintiffs are legally entitled to collect.

18. Defendant Depositors' actions and its refusal to make payment has damaged the Plaintiffs.

## COUNT II

## COMMON LAW BAD FAITH

19. Plaintiffs re-allege the allegations contained in paragraphs 1 through 18.

20. Defendant had a duty to pay more than $500,000.00 in UIM damages.

21. Plaintiffs sent Defendant numerous letters and correspondence asking Defendant to pay the claim.

22. Defendant had a duty to pay Plaintiffs' damages related to the motor vehicle crash.

23. Defendant repeatedly refused to pay Plaintiffs' claim.

24. Defendant rejected Plaintiffs' claim for payment.

25. Defendant's rejection of Plaintiffs' claim was unreasonable.

26. Defendant violated its fiduciary duty to Plaintiffs when it unreasonably rejected Plaintiffs' claim.

27. Defendant's rejection caused injury to Plaintiffs.

28. Defendant's rejection of Plaintiffs' claim was in bad faith.

## COUNT III

## UNFAIR CLAIM SETTLEMENT PRACTICES, BREACH OF FIDCUCIARY DUTIES, AND BAD FAITH

29. Plaintiff hereby re-alleges the allegations set forth in counts 1 through 28.

30. Defendant Depositors owed a duty to not misrepresent the facts pertinent to Plaintiffs' UIM policy coverage.

31. Defendant Depositors owed a duty to effectuate prompt and fair settlements once liability became reasonably clear.

32. Defendant Depositors neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim in this case where liability has become reasonably clear.

33. Defendant Depositors violated its duties to Plaintiffs by failing to effectuate prompt and fair settlements once liability became reasonably clear.

34. Plaintiffs provided written proof in the form of expert reports that their lost income exceeds the UIM policy.

35. Defendant Depositors has not provided a written refusal or explanation for its refusal to pay policy limits after Plaintiffs provided additional proof.

36. Defendant Depositors has made it a pattern of its practices and behavior in handling and adjusting the claim of its insured Plaintiffs to violate § 33-18-201, MCA;  § 33-18-242, MCA; and its common law duties of good faith and fair dealing and fiduciary duties with its insureds, by continuing to deny payments when proof of damages has been well established and properly submitted not consistent with its fiduciary duties to its insureds and §§ 33-18-201 and 242, MCA, and in violation of the reasonable expectations of the insureds and the Defendant's own advertising representations and promises.

37. Plaintiffs have been injured by Defendant Depositors' improper actions.

38. Defendant Depositors' actions constitute fraud and/or malice, and it should be required to pay exemplary damages in accordance with § 27-1-221, MCA.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;

2. For all special damages proved and awarded by the jury or court;

3. For punitive damages;

4. For treble damages;

5. For all other damages allowed by law and awarded by the jury;

6. For Plaintiffs' costs and disbursements in this action; and

7. For such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

1. Plaintiffs hereby demand a jury trial on all claims triable by right.

Dated: November 10, 2020

GLACIER LAW FIRM, PLLC

By: /s/ Alex K. Evans
Alex K. Evans
Wayne E. Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop Ste 3
Kalispell, MT 59901
Telephone: (406) 552-4343
alex@glacierlawfirm.com
*Attorneys for Plaintiffs*